1
Lynn Hubbard III, SBN 69773
**DISABLED ADVOCACY GROUP, APLC**
2
12 Williamsburg Lane
Chico, CA 95926
3
Telephone: (530) 895-3252
Facsimile: (530) 894-8244
4
Electronic Mail:  USDCEast@HubsLaw.com

5
Attorney for Plaintiff

6

7
THE UNITED STATES DISTRICT COURT
8
FOR THE EASTERN DISTRICT OF CALIFORNIA
9

10

11
Lary Feezor,

12
     Plaintiff,

13

14
     vs.

15
Gary L. Patterson, et al.,

16
     Defendants.

17

18

| | |
|---|---|
| ) | Case No. 2:10-cv-01165-FCD-GGH |
| ) | |
| ) | **Plaintiff's Points & Authorities in Support of the Motion to Amend His Complaint** |
| ) | |
| ) | Date:  April 29, 2011 |
| ) | Time:  10:00am |
| ) | Room: Courtroom 2 |
| ) | |
| ) | **Honorable Frank C. Damrell, Jr.** |

19

20
**BACKGROUND**

21
     On Friday, January 7, 2011, an *en banc* panel of the Ninth Circuit held
22
that disabled plaintiffs – who fail to specify how each *individual* barrier affects
23
their disability when alleging a Title III claim in their complaint – faces *sua*
24
*sponte* dismissal under Rule 12(b)(1).  *See Chapman v. Pier 1 Imports (U.S.)*
25
*Inc.*, --- F.3d ----, 2011 WL 43709, **11-12 (9th Cir. Jan. 7, 2011). Accord,
26
*O'Campo v. Chico Mall, LP*, --- F.Supp.2d ----, 2010 WL 3220141, **4-5 (E.D.
27
Cal. Aug. 13, 2010).   Mindful that the court could dismiss this lawsuit for
28

*Feezor v. Patterson, et al.,*                                        Case No. 2:10-cv-01165-FCD-GGH
Plaintiff's Motion to Amend
- 1 -

1   failing to meet the new *Chapman* pleading standard, plaintiff has filed this

2   instant motion to amend the complaint under Rule 16(b) of the Federal Rules of

3   Civil Procedure – because a scheduling order was entered on August 11, 2011 –

4   to bring his ADA lawsuit into compliance with that new standard.

5                                            **DISCUSSION**

6            As a general rule, Rule 15(a) instructs that leave to amend should be

7   freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Eminence*

8   *Capital, LLC v. Aspeon, Inc.* 316 F3d 1048, 1051 (9th Cir. 2003) (leave to

9   amend should be granted with "extreme liberality.") Where a case management

10  scheduling order sets a deadline for amending pleadings and the deadline has

11  passed, however, the liberal policy regarding amendment of pleadings under

12  Rule 15(a) no longer applies. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

13  604, 609 (9th Cir. 1992). To allow the amendment under those circumstances,

14  the scheduling order must be modified under Rule 16(b) and this requires leave

15  of court and a showing of "good cause." *Coleman v. Quaker Oats Co.,* 232 F3d

16  1271, 1294 (9th Cir. 2000). Here, plaintiff's request to amend satisfies *both*

17  Rules, as there was no way to know about the Ninth Circuit's new pleading

18  requirements until *after* the *en banc* opinion was published. Obviously,

19  "justice" under Rule 15(a) would require the court to allow us to amend the

20  complaint and satisfy pleading requirements that did not exist on January 6,

21  2011. Further, because plaintiff sought to amend the complaint *after* the

22  *Chapman en banc* opinion was published, and because plaintiff could not know

23  about the new pleadings requirements *before* the *Chapman en banc* opinion was

24  published, our delay in making this request was neither in bad faith nor

25  unreasonable. *Cf., AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F3d

26  946, 952–953 (9th Cir. 2006) (denial of leave to amend under Rule 15 is proper

27  where the court finds unreasonable delay would prejudice the nonmoving party,

28  or that the moving party has acted in bad faith, or that the amendment would be

1 futile).   Similarly, "good cause" under Rule 16(b) would also be satisfied
2 because plaintiff did not know about the new pleading standards until the
3 *Chapman en banc* opinion was handed down and then moved to amend the
4 complaint shortly after they were.   Mammoth Recreations, 975 F.2d at 609
5 ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the
6 party seeking the amendment.   The district court may modify the pretrial
7 schedule 'if it cannot reasonably be met despite the diligence of the party
8 seeking the extension.'").   Nor is the defense prejudiced by this proposed
9 amendment since the new complaint does not add additional claims or
10 defendants but, rather, additional *facts* to support existing claims against
11 existing defendants.   *Ibid.* ("the existence or degree of prejudice to the party
12 opposing the modification might supply additional reasons to deny a motion [to
13 amend.]")   Thus, whether the court viewed this request under Rule 16(b) or
14 Rule 15(a), we would *still* be entitled to amended our complaint, and satisfy
15 these new pleading standards.

16 ## CONCLUSION

17 For the aforementioned reasons, plaintiff asks the court to grant the
18 instant motion and allow us to amend the complaint.   Attached hereto as Exhibit
19 A is a true and correct copy of Plaintiff's proposed amended complaint.

20 Respectfully submitted,

21

22 Dated: March 14, 2011          DISABLED ADVOCACY GROUP, APLC

23

24                                    */s/ Lynn Hubbard, III, Esquire*
25                                    LYNN HUBBARD, III
                                      Attorney for Plaintiff
26

27

28

*Feezor v. Patterson, et al.,*                              Case No. 2:10-cv-01165-FCD-GGH
                        Plaintiff's Motion to Amend
                                  - 3 -