Lynn Hubbard III, SBN 69773
Scottlynn J Hubbard IV, SBN 212970
**Disabled Advocacy Group, APLC**
12 Williamsburg Lane
Chico, California 95926
Telephone:   (530) 895-3252
Facsimile:    (530) 894-8244

Attorneys for Lary Feezor

United States District Court

Eastern District of California

| | |
|---|---|
| Lary Feezor,<br><br>   Plaintiff,<br><br>vs.<br><br>Gary L. Patterson … Eddie Bauer LLC, and Hanesbrands Direct LLC,<br><br>   Defendants. | Case No. 2:10-cv-1165-FCD-CMK<br><br>**Application for Rule 56(f) continuance**<br><br>[Fed. R. Civ. P. 56(f)]<br><br>Date:       April 8, 2011<br>Time:      10:00 a.m.<br>Room:     2 |

*Feezor v. Gary L. Patterson, et al.*, Case No. 2:10-cv-01165 FCD-CMK
Application for Rule 56(f) continuance

- 1 -

## BACKGROUND

On March 8, 2011, defendants Eddie Bauer LLC ("Eddie") and Hanesbrands Direct LLC ("Hanes"), moved to dismiss plaintiff's lawsuit with identical motions for summary judgment. *Docket Nos. 30, 31*. To oppose these motions, plaintiff Lary Feezor will need to inspect both of the defendants' facilities, and obtain photos and measurements of the elements at issue. Unfortunately, Feezor has not had a chance to propound discovery in this case, much less obtain an expert report, as neither is due until September 2011. *Docket No. 21*. Considering that the law and motion deadline in this case is January 2012, and plaintiff has not had an opportunity to obtain the essential evidence necessary to oppose the motion, Feezor thus requests that the court continue the defendants' motions until he has a chance to complete discovery.

## DISCUSSION

Under Rule 56(f), the court must deny or continue a motion for summary judgment if an opposing party can show that "for specified reasons, it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(f). Indeed, Rule 56(f) "requir[es], rather than merely permit[s], discovery where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir.2001). The opposing party "must identify the specific facts that further discovery would reveal and explain why these facts would preclude summary judgment." *Tatum v. San Francisico*, 441 F.3d 1090, 1100 (9th Cir.2006). "Defendant[ ] must show (1) that [he] ha[s] set forth in affidavit form the specific facts that [he] hope[s] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion. *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998).

1　　　　In this case, discovery has not yet commenced.  Pursuant to the mandates
2 of Rule 56(f), plaintiff has identified information he has not had an opportunity
3 to discover.  Specifically, Feezor asserts that he must conduct the following
4 discovery: (1) inspect Eddie and Hanes' stores; (2) identify and document the
5 barriers alleged in plaintiff's complaint; (3) obtain expert testimony on those
6 barriers; (4) and copy building records evincing when these stores were
7 designed, constructed, or altered.  (Decl. of Lynn Hubbard in Support of Mot.
8 for Continuance, filed concurrently herewith, ¶ 3.) Plaintiff contends that such
9 discovery is required to support his claims regarding the alleged structural
10 barriers on defendant's premises.  As such, plaintiff must have some
11 opportunity to pursue necessary discovery in order to make a proper response.
12 *See, e.g. Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes*,
13 323 F.3d 767,774 (9th Cir.2003) (finding the district court's denial of
14 defendants' Rule 56(f) motion was an abuse of discretion because the summary
15 judgment motion was filed so early in the litigation that no discovery had yet
16 taken place; thus, defendants did not have a reasonable opportunity to uncover
17 facts before their opposition to the motion was due); *cf. Byrd v. Guess*, 137 F.3d
18 1126, 1135 (9th Cir.1998) (holding that denial of Rule 56(f) motion was proper
19 where the plaintiff had failed to pursue discovery for over a year); *Nidds v.
20 Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir.1997) (same).  In fact, this
21 court granted a similar Rule 56(f) motion when another defendant attempted to
22 force Feezor to oppose a summary judgment motion early in the litigation.
23 *Feezor v. Sears*, 2010 WL 4393262 (E.D. Cal. Oct. 29, 2010).  Ergo, in light of
24 the need for discovery (*i.e.*, to obtain the essential facts necessary to fashion an
25 intelligent response), Feezor would ask the court to deny Eddie and Hanes'
26 motion with leave to re-file after the close of discovery.

27

28

*Feezor v. Gary L. Patterson, et al.*, Case No. 2:10-cv-01165 FCD-CMK
Application for Rule 56(f) continuance

**CONCLUSION**

For the reasons stated above, Feezor asks the court to delay Hanes & Eddie Bauer's motions for summary judgment until after the close of discovery.

Dated: March 18, 2011          DISABLED ADVOCACY GROUP, APLC


/s/     Lynn Hubbard III                       /
        Lynn Hubbard III, esq.
        Attorney for Plaintiff

*Feezor v. Gary L. Patterson, et al.*, Case No. 2:10-cv-01165 FCD-CMK
Application for Rule 56(f) continuance

- 4 -