Lynn Hubbard III, SBN 69773
Scottlynn J Hubbard IV, SBN 212970
**Disabled Advocacy Group, APLC**
12 Williamsburg Lane
Chico, California 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244

Attorneys for Lary Feezor

United States District Court

Eastern District of California

| | |
|---|---|
| Lary Feezor,<br><br>    Plaintiff,<br><br>vs.<br><br>Gary L. Patterson … Eddie Bauer LLC, and Hanesbrands Direct LLC,<br><br>    Defendants. | Case No. 2:10-cv-1165-FCD-CMK<br><br>**Declaration of attorney Lynn Hubbard in Support of a Rule 56(f) continuance**<br><br>[Fed. R. Civ. P. 56(f)]<br><br>Date:    April 8, 2011<br>Time:   10:00 a.m.<br>Room:  2 |

*Feezor v. Gary L. Patterson, et al., Case No. 2:10-cv-01165 FCD-CMK*
Declaration of attorney Lynn Hubbard in Support of a Rule 56(f) continuance

- 1 -

1 I, Lynn Hubbard III, do hereby declare the following:

2     1.    I am attorney of record for plaintiff Lary Feezor ("Feezor").

3     2.    On March 8, 2011, defendants Eddie Bauer LLC ("Eddie") and Hanesbrands Direct LLC ("Hanes"), moved to dismiss plaintiff's lawsuit with identical motions for summary judgment. *Docket Nos. 30, 31*.

    3.    Before I can respond to that motion for summary judgment, however, I will need to conduct the following discovery, and obtain the following essential facts:

    a.    Inspect Eddie and Hanes' stores;

    b.    Identify and document the barriers alleged in plaintiff's complaint;

    c.    Obtain expert testimony on those barriers; and

    d.    Copy building records showing when these stores were designed, constructed, or altered.[1]

    4.    We know this evidence exists because the defense cites to it in their motions.

    5.    Considering that we have not had an opportunity to obtain this essential evidence, this evidence is necessary to oppose the defense's motions, and that the instant lawsuit is in the early stages of litigation, we would ask the court to deny Hanes and Eddie's motions for summary judgment, with leave to re-file after the close of discovery.

    6.    Attached as Exhibit A is a true and accurate copy of the Rule 34 site inspection, which is being served concurrently with this declaration *via* electronic service, asking to inspect Hanes' store.

---

[1] This evidence, which is necessary to determine whether an elements is a "barrier" under state or federal law, may also be obtained through interrogatories.

*Feezor v. Gary L. Patterson, et al., Case No. 2:10-cv-01165 FCD-CMK*
Declaration of attorney Lynn Hubbard in Support of a Rule 56(f) continuance

- 2 -

1      7.    Attached as Exhibit B is a true and accurate copy of the Rule 34 site inspection, which is being served concurrently with this declaration *via* electronic service, asking to inspect Eddie's store.

     I declare under the penalty of perjury that the aforementioned is true and correct and if called upon to testify I could, and would, do so competently.

Dated: March 18, 2011        DISABLED ADVOCACY GROUP, APLC

/s/    Lynn Hubbard III           /
       Lynn Hubbard III, esq.
       Attorney for Plaintiff

# EXHIBIT A

```
1  LYNN HUBBARD, III SBN 69773
   SCOTTLYNN J HUBBARD, IV, SBN 212970
2  DISABLED ADVOCACY GROUP, APLC
   12 WILLIAMSBURG LANE
3  CHICO, CA. 95926
   (530) 895-3252
4
   Attorneys for Plaintiff, Lary Feezor
5
```

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARY FEEZOR,<br><br>    Plaintiff,<br><br>    vs.<br><br>GARY PATTERSON, *et al.*<br><br>    Defendants. | Case No. 2:10-cv-01165-FCD-GGH<br><br>PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. ONE TO DEFENDANT HANESBRANDS DIRECT, LLC<br><br>**[F.R.C.P. RULE 34]** |

PROPOUNDING PARTY:    Plaintiff LARY FEEZOR

RESPONDING PARTY:     Defendant HANESBRANDS DIRECT, LLC dba L'EGGS/HANES/BALI/ PLAYTEX STORE # 103

SET NUMBER:           **ONE**

**Plaintiff's Request for Production of Documents, Set One**
*Feezor v. Gary Patterson, et al.*                Case No2:10-cv-01165-FCD-GGH

Page 1

**REQUEST NO. 1:**

Plaintiff requests that you respond within thirty (30) days to the following requests:

That you permit plaintiff to enter any place of public accommodation, (as defined by 42 U. S. C. § 12181 (7)), that you own, operate or lease which is open to the public, at the address and time below. The purpose of this inspection is to photograph, videotape, document, measure, and survey barriers (both policy and architectural) relating to plaintiff's specific disability.

Because specific plans and cost estimates may be required to satisfy plaintiff's initial burden for a 42 U.S.C. § 12182 (B)(2)(A)(iv) claim, a contractor, architect firm , or survey crew (or all three) may perform this inspection.[1]

No destructive testing will occur and plaintiff will reschedule on seven day notice to a time that would be less disruptive to business operations.

| | |
|---|---|
| **BUSINESS NAME:** | L'EGGS/HANES/BALI/ PLAYTEX STORE # 103 |
| **ADDRESS:** | 1953 State Highway 273 |
| **CITY, STATE:** | Anderson, CA 96007 |
| **TIME:** | 1:00 p.m |
| **DATE:** | April 26, 2011 |

Dated: March 18, 2011

DISABLED ADVOCACY GROUP, APLC

_____
LYNN HUBBARD, III
Attorney for Plaintiff, Lary Feezor

---

[1] If defendant would like to stipulate that barrier removal is "readily achievable" to remove, then specific design plans will not be necessary. Plaintiff's expert will then only identify barriers.

Plaintiff's Request for Production of Documents, Set One

*Feezor v. Gary Patterson, et al.*                                         Case No2:10-cv-01165-FCD-GGH

Page 2

## PROOF OF SERVICE

I am, and was at the time of service hereinafter mentioned, a citizen of the United States and a resident of the County of Butte. I am over the age of 18 years and not a party to the within action; my business address is 12 Williamsburg Lane, Chico, Butte County, California.

On this date, I served the foregoing document described as **PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANT HANESBRANDS DIRECT, LLC** for Case No. 2:10-cv-01165-FCD-GGH on the parties below as follows:

Jon Meer, Esq.
**SEYFARTH SHAW LLP**
2029 Century Park East, Suite 3500
Los Angeles, CA 90067

Marc Koenigsberg, Esq
Kathleen Finnerty, Esq
**GREENBERG TRAURIG, LLP**
1201 K Street, Suite 1100
Sacramento CA 95814

Catherine Corfee, Esq.
**CORFEE STONE & ASSOCIATES**
5441 Fair Oaks Boulevard, Ste. B-1
Carmichael CA 95608

Paul Ostroff, Esq.
**LANE POWELL PC**
601 SW Second Avenue, Ste. 2100
Portland OR 97204-3158

John Connolly, Esq.
**CONNOLLY, FINKEL & GOSSELIN, LLP**
601 S. Figueroa Street Suite 2610
Los Angeles CA 90017

The following is a procedure in which service of this document was effected:
[X]   **U.S. Postal Service** (by placing for collection and deposit in the United States mail a copy of said document at Disabled Advocacy Group, APLC, 12 Williamsburg Lane, Chico, Butte County, California, in a sealed envelope, with postage fully prepaid).
[X]   **Federal:** I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

I am familiar with the practice of Disabled Advocacy Group, APLC, for the collection and processing of correspondence for mailing with U.S. Postal Service. In accordance with the ordinary course of business, the above-mentioned document would have been picked up from our offices by the U.S. Postal Service courier, on the same day on which it was placed at Disabled Advocacy Group, APLC for pickup.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 18, 2011

Angel Botello

Plaintiff's Request for Production of Documents, Set One
*Feezor v. Gary Patterson, et al.*   Case No 2:10-cv-01165-FCD-GGH
Page 3

# EXHIBIT B

1  LYNN HUBBARD, III SBN 69773
   SCOTTLYNN J HUBBARD, IV, SBN 212970
2  **DISABLED ADVOCACY GROUP, APLC**
   12 WILLIAMSBURG LANE
3  CHICO, CA. 95926
   (530) 895-3252
4
   Attorneys for Plaintiff, Lary Feezor
5

6

7

8
                THE UNITED STATES DISTRICT COURT
9             FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11

12 | LARY FEEZOR,                  )
                                   ) Case No. 2:10-cv-01165-FCD-GGH
13 |     Plaintiff,                )
                                   )
14 |     vs.                       ) PLAINTIFF'S REQUEST FOR
                                   ) PRODUCTION OF DOCUMENTS,
15 | GARY PATTERSON, et al.        ) SET NO. ONE TO DEFENDANT
                                   ) EDDIE BAUER
16                                 )
                                   )
17 |     Defendants.               )
                                   ) **[F.R.C.P. RULE 34]**
18                                 )
                                   )
19

20 PROPOUNDING PARTY:    Plaintiff LARY FEEZOR

21 RESPONDING PARTY:     Defendant EDDIE BAUER, A
                         DELAWARE LLC DBA EDDIE BAUER
22                       OUTLET #R-463

23 SET NUMBER:           **ONE**
24

25

26

27

28
            **Plaintiff's Request for Production of Documents, Set One**
   *Feezor v. Gary Patterson, et al.*           Case No2:10-cv-01165-FCD-GGH

                              Page 1

**REQUEST NO. 1:**

Plaintiff requests that you respond within thirty (30) days to the following requests:

That you permit plaintiff to enter any place of public accommodation, (as defined by 42 U. S. C. § 12181 (7)), that you own, operate or lease which is open to the public, at the address and time below. The purpose of this inspection is to photograph, videotape, document, measure, and survey barriers (both policy and architectural) relating to plaintiff's specific disability.

Because specific plans and cost estimates may be required to satisfy plaintiff's initial burden for a 42 U.S.C. § 12182 (B)(2)(A)(iv) claim, a contractor, architect firm , or survey crew (or all three) may perform this inspection.[1]

No destructive testing will occur and plaintiff will reschedule on seven day notice to a time that would be less disruptive to business operations.

| | |
|---|---|
| **BUSINESS NAME:** | Eddie Bauer |
| **ADDRESS:** | 1785 State Highway 273 |
| **CITY, STATE:** | Anderson, CA 96007 |
| **TIME:** | 11:00 a.m. |
| **DATE:** | April 26, 2011 |

Dated: March 18, 2011

DISABLED ADVOCACY GROUP, APLC

_____
LYNN HUBBARD, III
Attorney for Plaintiff, Lary Feezor

---

[1] If defendant would like to stipulate that barrier removal is "readily achievable" to remove, then specific design plans will not be necessary. Plaintiff's expert will then only identify barriers.

Plaintiff's Request for Production of Documents, Set One

*Feezor v. Gary Patterson, et al.*   Case No2:10-cv-01165-FCD-GGH

Page 2

# PROOF OF SERVICE

I am, and was at the time of service hereinafter mentioned, a citizen of the United States and a resident of the County of Butte. I am over the age of 18 years and not a party to the within action; my business address is 12 Williamsburg Lane, Chico, Butte County, California.

On this date, I served the foregoing document described as **PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** TO **DEFENDANT EDDIE BAUER** for Case No. 2:10-cv-01165-FCD-GGH on the parties below as follows:

Jon Meer, Esq.
**SEYFARTH SHAW LLP**
2029 Century Park East, Suite 3500
Los Angeles, CA 90067

Marc Koenigsberg, Esq
Kathleen Finnerty, Esq
**GREENBERG TRAURIG, LLP**
1201 K Street, Suite 1100
Sacramento CA 95814

Catherine Corfee, Esq.
**CORFEE STONE & ASSOCIATES**
5441 Fair Oaks Boulevard, Ste. B-1
Carmichael CA 95608

Paul Ostroff, Esq.
**LANE POWELL PC**
601 SW Second Avenue, Ste. 2100
Portland OR 97204-3158

John Connolly, Esq.
**CONNOLLY, FINKEL & GOSSELIN, LLP**
601 S. Figueroa Street Suite 2610
Los Angeles CA 90017

The following is a procedure in which service of this document was effected:

[X] **U.S. Postal Service** (by placing for collection and deposit in the United States mail a copy of said document at Disabled Advocacy Group, APLC, 12 Williamsburg Lane, Chico, Butte County, California, in a sealed envelope, with postage fully prepaid).

[X] **Federal:** I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

I am familiar with the practice of Disabled Advocacy Group, APLC, for the collection and processing of correspondence for mailing with U.S. Postal Service. In accordance with the ordinary course of business, the above-mentioned document would have been picked up from our offices by the U.S. Postal Service courier, on the same day on which it was placed at Disabled Advocacy Group, APLC for pickup.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 18, 2011

_____
Angel Botello