UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LARY FEEZOR,

        Plaintiff,

   v.

GARRY L. PATTERSON; PENDLETON WOOLEN MILLS dba PENDLETON; FUSION PIT a GENERAL PARTNERSHIP dba FUSION PIT; HANESBRANDS DIRECT, LLC dba L'EGGS/HANES/BALI/PLAYTEX STORE #103; THE GAP, INC. dba GAP OUTLET #7713; PHILLIPS-VAN HEUSEN CORPORATION dba VAN HEUSEN FACTORY STORE #264; VF OUTDOOR, INC. dba VANS #044; EDDIE BAUER a DELAWARE, LLC dba EDDIE BAUER OUTLET #R-463,

        Defendants.

Civ. No. S-10-1165 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on (1) Lary Feezor's ("plaintiff") motion to amend the complaint, pursuant to Federal Rule of Civil Procedure ("FRCP") 16(b) and (2) plaintiff's motion

1

for continuance, pursuant to FRCP 56(d),[1] of defendants' HanesBrands Direct LLC and Eddie Bauer LLC (collectively, "defendants") motions for summary judgment, pursuant to FRCP 56(d). Based upon the submissions of the parties and for the reasons set forth below, (1) plaintiff's motion to amend the complaint is GRANTED and (2) plaintiff's motion for continuance of defendants' motions for summary judgment is GRANTED.[2]

**BACKGROUND**

Plaintiff brings this discrimination action pursuant to the Americans with Disabilities Act ("ADA"), the Unruh Civil Rights Act ("UCRA"), and the Disabled Persons Act ("DPA"). The alleged discrimination took place at the structure and/or property at the following businesses: Shasta Outlets and Common Parking Area ("Shasta Facility"), Pendelton Woolen Mills ("Pendleton"), HanesBrands Direct, LLC ("HanesBrand"), The Gap, Inc. ("Gap"), Philips-Van Heusen Corporation ("Van Heusen"), J.C. Penney Company, Inc. ("J.C. Penney"), VF Outdoor Inc.("Vans"), and Eddie Bauer, LLC ("Eddie Bauer").

Plaintiff alleges that he visited these stores and encountered several barriers at each establishment, which interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at these facilities. (Compl., filed May 12, 2010 [Docket # 1], ¶ 24.) More specifically, plaintiff alleges that at the Eddie Bauer facility

---

[1] Plaintiff improperly cites to FRCP 56(f) in his motion. The court, however, construes the motion under FRCP 56(d).

[2] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 230(g).

1  (1) there is no signage posted at the entrance to indicate
2  accessibility to disable persons; (2) the dressing room bench is
3  not 24 inches wide by 48 inches long; (3) the entrance door does
4  not have accessible panel handles; and (4) the dressing room
5  bench is not affixed to the wall. (Compl. ¶ 39.)

6      Plaintiff further alleges that at the HanesBrand facility
7  (1) there is no signage posted at the entrance to indicate
8  accessibility to disable persons; (2) the entrance door does not
9  have accessible panel handles; (3) the check-out counter is too
10 high with no portion lowered to sufficiently accommodate a patron
11 in a wheel chair; and (4) the pay point machine is too high
12 (Compl. ¶ 31.)

13     Plaintiff alleges these barriers constitute violations of
14 the ADA, UCRA, and DPA.

15     Plaintiff filed his complaint on May 12, 2010.  On January
16 7, 2011, the Ninth Circuit, in an en banc decision, altered the
17 pleading standard for claims under the ADA.  See Chapman v. Pier
18 One Imports, Inc., 631 F.3d 939 (9th Cir. 2011).  Defendants
19 HanesBrand and Eddie Bauer subsequently filed nearly identical
20 motions for summary judgment on March 8, 2011, alleging that
21 plaintiff's complaint failed to allege facts sufficient to
22 constitute "injury-in-fact" under the Chapman standard, and thus,
23 plaintiff does not have standing to bring his ADA claims.
24 Plaintiff then filed the two motions that are the subject of this
25 order: plaintiff filed a motion to amend the complaint on March
26 14, 2011 and a motion for continuance of defendants' motions for
27 summary judgment on March 18, 2011.
28

**ANALYSIS**

**A.   Motion to Amend the Complaint**

In light of the Ninth Circuit's recent holding in Chapman, which altered the pleading standard for claims under the ADA, plaintiff filed a motion to amend his complaint to comport with that standard. In Chapman, the court held that an ADA plaintiff must plead with particularity the specific barriers that he or she encountered "and how [plaintiff's] disability was affected by them so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement" of the standing inquiry. Id. at 954. Plaintiff argues that, based on this new pleading requirement, he should be granted leave to amend his complaint to explain how each barrier he encountered impaired his full and equal access to defendants' facilities. (Pl.'s Mot. to Am., filed Mar. 14, 2011 [Docket #32], at 1:21–2:4.)

Defendants oppose the motion, arguing that leave to amend should be denied because plaintiff cannot show good cause to amend pursuant to FRCP 16(b). Defendants allege that good cause to amend does not exist because: (1) defendants have filed a motion for summary judgment; (2) plaintiff cannot amend his complaint after the deadline for amendment to the pleadings has expired; and (3) plaintiff's proposed amendments are futile--defendants maintain plaintiff cannot satisfy the Chapman standard because he cannot show that he was "deprived" of the "same full and equal access as a person who is not wheelchair bound." (Defs.' Opp'n to Mot. to Am., filed Mar. 25, 2011, [Docket ## 36 & 37], at 4:3-5.)

The pretrial scheduling order, issued September 1, 2010, precludes further amendment to the pleadings "without leave of

4

1  court, good cause having been shown." (See Am. Scheduling Order,
2  filed Sept. 1, 2010 [Docket #26], at 1:22-25.) Therefore,
3  plaintiff's motion to amend can only be granted pursuant to FRCP
4  16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,
5  607-608 (9th Cir. 1992). Under FRCP 16(b), "the focus of the
6  inquiry is upon the moving party's reasons for seeking
7  modification." Id.
8      In this case, plaintiff's reason for seeking modification is
9  based on the Ninth Circuit decision in Chapman, which "created new
10 pleading standards that simply did not exist before that opinion
11 was published." (Pl.'s Reply. in Support of Mot. to Am.
12 ["Reply"], filed Apr. 1, 2011 [Docket #44], at 2:10-12.) Numerous
13 district courts sitting in the Ninth Circuit have recently granted
14 plaintiffs asserting ADA claims leave to amend their complaints to
15 adhere to the Chapman standard. See e.g., Kohler v. Flava
16 Enterprises, Inc., Civ. No. S-10-730 IEG/NLS, 2011 WL 666899 (S.D.
17 Cal. Feb. 17, 2011) (recognizing that failure to adhere the
18 complaint to the standard articulated in Chapman would result in
19 dismissal of the complaint); accord Kohler v. Presidio Intern.,
20 Inc., Civ. No. S-10-4680 PSG/PJW, 2011 WL 686060 (C.D. Cal. Feb.
21 16, 2011) (holding that leave to amend should be granted to permit
22 the plaintiff to comply with Chapman's standard); Rush v. CPG
23 Partners, LP, Civ. No. S-10-4662, 2011 WL 561079 (C.D. Cal. Feb.
24 14, 2011) (same).
25     Here, defendants have not provided justification to deviate
26 from these decisions granting leave to amend so that plaintiffs
27 asserting ADA claims can amend their complaints to comply with
28 Chapman. The cases defendants rely on for their contention that

5

leave to amend should be denied because they have filed motions for summary judgment are distinguishable. See Schlacter-Jones v. General Tel., 936 F.2d 435, 443 (9th Cir. 1991); M/V American Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1492 (9th Cir. 1983). While both courts considered pending motions for summary judgment in denying leave to amend, those courts also relied on other, more substantial factors that are not present in this case. For example, in Schlacter-Jones, the Ninth Circuit held that the district court, in its discretion, appropriately denied relief because discovery had concluded, the complaint was filed more than a year before the motion to amend, and the proposed amendment would have been futile. Id. at 443. Similarly, in American Queen, the district court appropriately denied leave to amend because plaintiff attempted to amend a year and one-half after filing the complaint and the new allegations would have substantially altered the basis of the action. Id. at 1492.

Conversely, in this case, plaintiff's justification for amendment--the Chapman holding--emerged only three months ago; discovery does not close until September 2011; plaintiff does not seek to alter the nature of his ADA claims; and, as discussed below, amendment would not be futile. The mere fact that defendants have filed motions for summary judgment[3] at this early stage of the litigation does not provide a sufficient basis for denying plaintiff leave to amend.

---

[3] The deadline for filing dispositive motions is not until January 13, 2012. (See Am. Scheduling Order at 3:13-14.)

1	Similarly, defendants' contention that leave to amend should
2	be denied because plaintiff was not diligent is unavailing.  The
3	mere fact that Chapman was decided three months ago does not
4	warrant denying plaintiff the opportunity to amend his complaint
5	to allege facts sufficient to comply with the Chapman standard.
6	Indeed, denial of leave to amend would subject plaintiff's
7	complaint to *sua sponte* dismissal pursuant to FRCP 12(b)(1).  See
8	Kohler, 2011 WL 666899 at *1 (noting that failure to comply with
9	the Chapman pleading standard subjects a plaintiff's ADA claims to
10	dismissal for lack of subject matter jurisdiction).  As set forth
11	above, multiple district courts sitting in the Ninth Circuit have
12	recently granted leave to amend to permit plaintiffs to harmonize
13	their complaints with Chapman.
14	Finally, defendants' contention that amendment would be
15	futile because the alleged barriers plaintiff encountered did not
16	deprive him of "entry or full use of the facility," and thus, he
17	did not suffer an injury-in-fact, is a misapplication of the
18	standard articulated in Chapman.  (Defs.' Opp'n to Mot. to Am. at
19	5:14–15.)  Defendants rely on plaintiff's deposition testimony,
20	which acknowledges that plaintiff was not actually prevented from
21	entering or using the facilities; therefore, defendants argue,
22	plaintiff did not suffer an injury-in-fact.  (Id. at 4:10–13.)
23	Chapman, however, only requires plaintiff to allege that he
24	encountered a barrier that "affect[ed] [his] full and equal
25	enjoyment of the facility on account of his particular
26	disability."  See Chapman, 631 F.3d at 947 ("it is not necessary
27	for standing purposes that the barrier completely preclude the
28	plaintiff from entering or from using a facility in any way.")

7

1     Based on the standard articulated in <u>Chapman</u>, it is
2 immaterial that plaintiff was able to access the facility, as long
3 as he encountered a noncompliant barrier related to his particular
4 disability, and that barrier affected his access in a manner that
5 would not affect a patron without a similar disability.  <u>Id.</u>
6 Plaintiff proposes to amend his complaint[4] simply "to add
7 jurisdictional language generally averring why each barrier
8 relates to [plaintiff's] disability to avoid . . . dismissal."
9 (Pl.s' Mot. to Am. at 4:14-17.)  Since failure to amend the
10 complaint may result in dismissal of the complaint under <u>Chapman</u>,
11 denial of plaintiff's motion would cause plaintiff extreme
12 prejudice at this early stage of the litigation.  Accordingly,
13 granting leave to amend is proper.
14     Based on the foregoing, plaintiff's motion to amend his
15 complaint to add allegations explaining how each barrier relates

---

[4] Plaintiff's proposed amended complaint appropriately addresses the <u>Chapman</u> requirement that plaintiff allege how the specific barrier relates to plaintiff's particular disability. (<u>See</u> Pl.'s Mot. to Am., Ex. A.)  However, plaintiff's proposed amended complaint still contains a jurisdictional flaw.  A plaintiff seeking injunctive relief under the ADA must demonstrate "a 'real and immediate threat of repeated injury in the future."  <u>Chapman</u>, 631 F.3d at 946.  Plaintiff can satisfy this standard either by demonstrating that the barriers he encountered deterred him from returning to the store or that he intends to return to a *noncompliant* facility.  <u>Id.</u> at 950 (emphasis added).  Plaintiff's proposed amended complaint attempts to comply with the standard by stating that he was deterred from returning to the facilities where he allegedly encountered barriers; however, plaintiff admitted in his sworn deposition testimony that he was not deterred from returning to the facilities.  Indeed, he specifically stated that he returned to those facilities on a number of occasions.  (<u>See</u> Defs.' Opp'n to Application for Continuance, filed Mar. 25, 2011, [Docket ## 38 & 39], at 6:15-7:25.)  Therefore, plaintiff must, in his amended complaint, allege facts sufficient to demonstrate an immediate threat of future harm or the complaint will be subject to *sua sponte* dismissal pursuant to FRCP 12(b)(1).

8

1  to his specific disability is GRANTED.

2  **B.    <u>Motion for Continuance of Summary Judgment Motions</u>**

3  Plaintiff requests this court grant a continuance of
4  defendants' motions for summary judgment because he has not had
5  an opportunity to conduct sufficient discovery to satisfy the
6  standard for asserting ADA claims under <u>Chapman</u>.

7  Under FRCP 56(d), the court must deny or continue a motion
8  for summary judgment if an opposing party can show that "for
9  specified reasons, it cannot present facts essential to justify
10 its opposition." Fed. R. Civ. P. 56(d).  Indeed, Rule 56(d)
11 "requir[es], rather than merely permit[s], discovery where the
12 nonmoving party has not had the opportunity to discover
13 information that is essential to its opposition." <u>Metabolife
14 Int'l Inc. v. Wornick</u>, 264 F.3d 832, 846 (9th Cir. 2001).  The
15 opposing party "must identify the specific facts that further
16 discovery would reveal and explain why these facts would preclude
17 summary judgment." <u>Tatum v. San Francisco</u>, 441 F.3d 1090, 1100
18 (9th Cir. 2006).  Plaintiff "must show (1) that [he] ha[s] set
19 forth in affidavit form the specific facts that he hope[s] to
20 elicit from further discovery, (2) that the facts sought exist,
21 and (3) that these sought-after facts are 'essential' to resist
22 the summary judgment motion." <u>State of California v. Campbell</u>,
23 138 F.3d 772, 779 (9th Cir. 1998).

24 In this case, discovery does not close until September 2011
25 --approximately six months from the date of this order. (<u>See</u> Am.
26 Scheduling Order at 2:1-7.)  Pursuant to the mandates of FRCP
27 56(d), plaintiff has identified information that he has not had
28 the opportunity to discover which is relevant to his opposition

9

1  to defendants' motions for summary judgment.  Specifically,
2  plaintiff asserts that he must conduct the following discovery:
3  (1) inspect Eddie Bauer's and HanesBrand's stores; (2) identify
4  and document the barriers alleged in plaintiff's complaint; (3)
5  obtain expert testimony on those barriers; and (4) obtain
6  building records demonstrating when/how the stores were designed.
7  Plaintiff asserts that such discovery is required to support his
8  claims regarding the alleged barriers on defendants' premises.
9  As such, plaintiff must have some opportunity to pursue the
10 necessary discovery in order to make a proper response.  See e.g.
11 Burlington Northern Santa Fe R. Co. v. Assiniboine and Siouz
12 Tribes, 323 F.3d 767, 774 (9th Cir. 2003) (finding the district
13 court's denial of the defendants' Rule 56(d) motion was an abuse
14 of discretion because the plaintiff's summary judgment motion was
15 filed so early in the litigation that no discovery had yet taken
16 place; thus, the defendants did not have a reasonable opportunity
17 to uncover facts before their opposition to the motion was due).
18      Here, in opposition to plaintiff's motion to continue,
19 defendants offer arguments that are essentially duplicative of
20 their arguments in opposition to plaintiff's motion to amend.
21 Defendants' arguments are unpersuasive in the context of
22 plaintiff's Rule 56(d) motion for the same reasons they do not
23 compel the court to deny plaintiff leave to amend.
24      Moreover, the Chapman decision in and of itself provides
25 sufficient justification for granting plaintiff's motion for
26 continuance of defendants' motions for summary judgment to permit
27 plaintiff to conduct discovery.  The Chapman court held that when
28 a plaintiff has suffered an injury-in-fact, he has standing to

seek injunctive relief addressing not only barriers that plaintiff encountered, but also "existing barriers that he is reasonably likely to encounter." Chapman, 631 F.3d at 953. To this end, if further discovery reveals barriers that relate to plaintiff's disability that he did not encounter, he would have standing to seek injunctive relief based on those ADA violations as well as those he actually encountered. Therefore, there is good cause to continue defendants' motions for summary judgment to permit plaintiff time to conduct the requested discovery.

Based on the foregoing, the court hereby GRANTS plaintiff's motion for continuance of defendants' motions for summary judgment. Defendants may refile their motions for summary judgment[5] once plaintiff has had a reasonable opportunity to conduct the discovery set forth in his motion.

IT IS SO ORDERED.

DATED: April 15, 2011

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[5] Since the court directs defendants to refile their motions at a future time, the court hereby vacates the hearing on defendants' motions for summary judgment set for May 13, 2011.