IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY FEEZOR,

    Plaintiff,                                 CIV. NO. S-10-1165 FCD GGH

    vs.

GARY L. PATTERSON, et al.,

    Defendants.                          <u>ORDER</u>

_____ /

        Previously pending on this court's law and motion calendar for May 12, 2011, were two motions for protective order, filed by defendants Hanesbrands Inc. and Eddie Bauer LLC on April 18, 2011. Scott Hubbard appeared telephonically on behalf of plaintiff. Defendants were represented by Myra Villamor. After hearing oral argument and having reviewed plaintiff's papers, the court now issues the following order.

        Plaintiff Freezor initiated this action on May 12, 2010, for ADA violations in regard to attempt to access a shopping mall. This case is proceeding on the first amended complaint, filed April 26, 2011. Defendants are various shops and businesses at a shopping mall known as Shasta Factory Outlets in Anderson, California. Plaintiff alleges that defendant outlets have incorrect tow away signage, disabled parking spaces with slopes greater than 2%, incorrect signage at van accessible parking spaces, improper location of parking spaces, lack of accessible route from the parking spaces to the facility entrance, sidewalks with slopes greater than 2%, and

1

1  improperly configured public restrooms, as well as barriers inside the named stores.  Plaintiff
2  seeks injunctive relief and damages.

3  Plaintiff seeks to compel inspection of defendants' facility pursuant to his March,
4  2011 notices of inspection.  There are two requests for inspection noticed, one for Hanesbrands
5  store and one for the Eddie Bauer store, both to have occurred on April 26, 2011.  The requests
6  are to "photograph, videotape, document, measure, and survey barriers (both policy and
7  architectural) relating to plaintiff's specific disability."  Defendants seek a protective order,
8  claiming that plaintiff lacks standing to pursue his claims, and therefore lacks standing to
9  conduct the site inspection.  In sum, defendants argue that plaintiff's request is an improper
10 fishing expedition.  Defendants seek to either prohibit the inspection or to stay the inspection
11 until plaintiff establishes standing to pursue his claims.  If plaintiff can establish standing,
12 defendants seek to limit the scope of the inspection to those barriers specifically identified in the
13 first amended complaint.  Defendants also request that the inspection take place outside of
14 business hours, and seek to limit the individuals who can attend the inspection to plaintiff,
15 plaintiff's counsel, and plaintiff's expert witness.

16 The issue of standing was previously raised in the district court.  The undersigned
17 can only adjudicate the discovery matters raised here.  Accordingly, based on Judge Damrell's
18 memorandum and order, issued April 18, 2011, the site inspection will be permitted.

19 Accordingly, IT IS HEREBY ORDERED that:

20 1. Defendants' motions for protective order, filed April 18, 2011, (dkt. #s 51, 52), are
21 denied;

22 2. The inspections shall be conducted outside of the stores' business hours, and may take
23 place on two separate days if necessary; attendance at the inspection shall be limited to plaintiff's
24 counsel, plaintiff, plaintiff's expert, and the expert's assistant.

25 DATED:   05/16/11                        /s/ Gregory G. Hollows
                                            _____
26                                          U.S. MAGISTRATE JUDGE