IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARY FEEZOR,

        Plaintiff,                       Civ. No. S-10-1165 KJM GGH

    vs.

GARY L. PATTERSON, *et al.*,              ORDER

        Defendants.

_____/

        This matter is before the court on cross-motions for summary judgment brought by plaintiff Lary Feezor ("Feezor" or "plaintiff") and defendant Eddie Bauer LLC ("Eddie Bauer").  Also before the court are the cross-motions for summary judgment brought by defendant Hanesbrands Direct, LLC ("Hanesbrands") and plaintiff.  This matter was decided without a hearing.  For the following reasons, Eddie Bauer's and Hanesbrands' motions are hereby GRANTED.

I.      FACTS AND PROCEDURAL HISTORY

        Feezor is a paraplegic who uses a wheelchair; the parties agree that he falls within the definition of a person with a disability under the Americans with Disabilities Act ("ADA") and California Law.  (*See* Def. Eddie Bauer's P. and A. in Supp. of Mot. for Summ. J., ECF 76-1 at 1; Plaintiff's Opp'n and Cross-Motion for Summ. J., ECF 85 at 1).  It is also undisputed that

1

defendants Eddie Bauer and Hanesbrands (collectively "defendants") are private entities that own, lease, or operate places of public accommodation, and are bound by the ADA's anti-discrimination requirements.  (*See* ECF 85 at 4.)

       A.    Factual and Procedural History:  Eddie Bauer's and Plaintiff's Cross-motions

       Prior to filing his complaint on May 12, 2010, Feezor visited the Shasta Outlet Mall in Anderson, California, where Eddie Bauer, along with other named defendants, maintains stores.  (Def. Eddie Bauer's Statement of Undisputed Facts ("EBSUF"), ECF 76-2, 1.) Feezor alleges he encountered four barriers that prevented his full and equal enjoyment of the facility. Specifically, Feezor alleges:  (1) a lack of International Symbol of Accessability (ISA) signage; (2) improper panel handles[1] on the front door; (3) a dressing room bench that was not the proper size; and (4) a dressing room bench that was not properly affixed to the wall.  (Feezor's First Am. Compl. ("FAC"), ECF 54 ¶¶ 31-34, 167-199.)  As a result, plaintiff brought this action for injunctive relief and damages, asserting claims against Eddie Bauer, and other named defendants, under the ADA, Disabled Persons Act ("DPA"), Unruh Civil Rights Act ("Unruh Act"), and California Health and Safety Code section 19955, *et seq.*  (FAC ¶¶ 134-199.)

       Eddie Bauer moved for summary judgment on November 16, 2011.  (ECF 76.)  In response, plaintiff filed an opposition and cross-motion for summary judgment.  (ECF 85.) Plaintiff also filed a separate motion for summary judgment against Eddie Bauer.  (ECF 92.) Plaintiff's opposition and cross-motion for summary judgment, and his separate motion for summary judgment are identical, with one difference: plaintiff added a notice of motion to the latter and labeled it a motion for summary judgment.  (*Compare* ECF 85 *with* ECF 92.)  Because ECF 92 is simply a re-filing of ECF 85, only plaintiff's opposition and cross-motion for summary judgment, ECF 85, will be considered below.

/////

---

[1] Panel style handles are L-shaped door handles that require a person attempting to open the door to grasp the panel and pull the door toward him or her.

1    B.    Factual and Procedural History:  Hanesbrands' and Plaintiff's Cross-motions

2         Also prior to filing his complaint on May 12, 2010, plaintiff visited the

3    Hanesbrands store in Shasta Outlet Mall in Anderson, California.  (Def. Hanesbrands' Statement

4    of Undisputed Facts ("HSUF"), ECF 77-2, 1.)  At Hanesbrands, plaintiff allegedly encountered

5    four barriers that prevented his full and equal enjoyment of the facility: (1) a lack of ISA

6    signage; (2) improper panel handles on the front door; (3) a counter that was too high; and (4) a

7    paypoint machine that was too high.  (FAC ¶¶ 28, 134-166.)  Again, as a result, plaintiff brought

8    this action for injunctive relief and damages, asserting claims against Hanesbrands under the

9    ADA, DPA, Unruh Act, and California Health and Safety Code section 19955, *et seq.*  (FAC

10   ¶¶ 134-166.)

11        Hanesbrands moved for summary judgment on November 16, 2011.  (ECF 77.)

12   In response, plaintiff filed an opposition and cross-motion for summary judgment.  (ECF 87.)

13   Plaintiff filed a separate motion for summary judgment against defendant on December 5, 2011.

14   (ECF 93.)  As with plaintiff's opposition and cross-motion for summary judgment, and separate

15   motion for summary judgment against Eddie Bauer, ECF 87 and 93, against Hanesbrands are

16   identical, with one difference: plaintiff added a notice of motion to the latter and labeled it a

17   motion for summary judgment.  (*Compare* ECF 87 *with* ECF 93.)  Because ECF 93 is simply a

18   re-filing of ECF 87, only plaintiff's opposition and cross-motion for summary judgment, ECF

19   87, will be considered below.  The parties also filed replies in support of their respective motions

20   for summary judgment.   (ECF 99-102.)

21   II.   LEGAL STANDARDS

22        A.    Summary Judgment

23        A court will grant summary judgment "if . . . there is no genuine dispute as to any

24   material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

25   The "threshold inquiry" is whether "there are any genuine factual issues that properly can be

26   /////

resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).[2]

The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). In carrying their burdens, both parties must "cit[e] to particular parts of materials in the record . . .; or show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[the nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts"). Moreover, "the requirement is that there be no *genuine* issue of *material* fact . . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248 (emphasis in original).

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 588; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

/////

/////

---

[2] Rule 56 was amended, effective December 1, 2010. However, it is appropriate to rely on cases decided before the amendment took effect, as "[t]he standard for granting summary judgment remains unchanged." FED. R. CIV. P. 56, Notes of Advisory Comm. on 2010 amendments.

B.      Standing

        "To demonstrate standing, a plaintiff must (1) have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . traceable to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court; and (3) it must be likely as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Pritikin v. Dep't of Energy*, 254 F.3d 791, 796-97 (9th Cir. 2001) (internal quotations and citations omitted) (alterations in original).  "[W]hen an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability." *Chapman v. Pier 1 Imports*, 631 F.3d 939, 944 (9th Cir. 2011).   A plaintiff can establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Id.*

        "The party asserting federal jurisdiction bears the burden" of demonstrating he has standing at every stage of litigation. *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1141 (9th Cir. 2010); *Chapman*, 631 F.3d at 946.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  FED. R. CIV. P. 12(h)(3).

III.    ANALYSIS

        Defendants' motions for summary judgment present identical arguments. (*Compare* ECF 76 at 1-2 *with* ECF 77 at 1-2).  Defendants first argue that the court does not have jurisdiction because plaintiff lacks standing to pursue his ADA claims in that he did not suffer the requisite injury-in-fact, namely he was not deterred from defendants' facilities.  (*See, e.g.,* ECF 76 at 8-22.)  Defendants also argue plaintiff's ADA claims are moot.  (*Id.*)  Next, defendants argue plaintiff cannot recover damages under the DPA because  he undisputedly was

1   not denied physical access to either defendants' facility.  (*Id.* at 23-25.)  Defendants further argue

2   plaintiff's claims under the DPA and Unruh Act are duplicative of his ADA claims, and

3   therefore, fail for the same reasons his ADA claims fail.  (*Id.* at 25-26.)  Finally, defendants

4   argue plaintiff's claim under the California Health and Safety Code must fail because the code

5   does not provide for damages and his claim for injunctive relief is moot.  (*Id.* at 26.)

6           A.     Eddie Bauer

7                   Plaintiff attempts to rebut each of defendant Eddie Bauer's arguments, as

8   discussed above, but does not direct the court to evidence sufficient to meet his burden on

9   summary judgment.  (*See* ECF 85).   Specifically, plaintiff filed a response to defendant's

10  statement of undisputed facts, with citation to deposition testimony, and two declarations (*see*

11  ECF 85:1-7); however, as described below, the evidence proffered by both parties demonstrates

12  that plaintiff cannot establish the legal requirement for standing.  In his opposition and cross-

13  motion, plaintiff avers that the undisputed facts demonstrate Eddie Bauer's facility did not

14  comply with the ADA, or corresponding state law requirements, and therefore, plaintiff is

15  entitled to judgment as a matter of law on each of his four causes of action.  (*Id.*)

16                  Eddie Bauer filed both an opposition to plaintiff's cross-motion (ECF 96) and a

17  reply (ECF 99) in support of its motion for summary judgment.  It also filed objections to the

18  declaration plaintiff submitted in support of his opposition and cross-motion (ECF 96-1), an

19  expert report prepared after a December 14, 2011, visit to the Eddie Bauer store (ECF 96-1,

20  Exhibit A), and excerpts of plaintiff's deposition testimony (ECF 96-1, Exhibit B).[3]  While

21  defendant's objection to plaintiff's declaration is well-taken, the court need not rule on

22  defendant's objections because plaintiff fails to respond in substance to defendant's arguments,

23  as described below, providing a separate ground for granting Eddie Bauer's motion.  *See*

24  _____

25          [3] Defendant also filed a notice of new authority (ECF 108), directing the court to a recent
    case from the Eastern District of California.  *See Martinez v. Columbia Sportswear USA Corp.*,
26  ___ F. Supp. 2d ___, 2012 WL 164058 4, at *1 (E.D Cal. May 9, 2012).  The court discusses
    *Martinez* throughout this order.

*Martinez*, 2012 WL 164058 4, at *1 ("[T]he merits of the [pending] motions to strike [evidence submitted by Plaintiff] need not be reached since the controverted evidence does not create a triable issue of fact on Plaintiff's ADA claims.").

Taking Eddie Bauer's substantive arguments in turn, the court analyzes the cross-motions in accordance with the factual predicate of each claim.

1.       Plaintiff's ADA Claims

a.       ISA Sign

In his complaint, Feezor alleges Eddie Bauer violated the ADA by failing to mount an ISA sign at the entrance of its store. (FAC ¶ 31.) Eddie Bauer moves for summary judgment on the ground that plaintiff's uncontroverted deposition testimony establishes that plaintiff was not deterred from using and enjoying defendant's facility. (*See* ECF 76-1 at 20.) In response, plaintiff avers that his "ability to use [defendant's] store . . . is of no consequence to his disabled access claims," but cites no evidence or case law to support this position. (ECF 85 at 15).

In *Chapman*, the Ninth Circuit held "that an ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman*, 361 F.3d at 944. A plaintiff suing under the ADA must demonstrate that "he personally suffered discrimination as defined by the ADA as to the encountered barriers on account of his [particular] disability." *Id*. at 944, 947. Indeed, to prevail on a claim for a violation of the ADA, a plaintiff must show the barrier "interfere[d] with the plaintiff's 'full and equal enjoyment' of the facility." *Id*. at 947 (citing 42 U.S.C. § 12182(a)).

Regarding deterrence, the Ninth Circuit found in *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002)*,* that "the plaintiff had Article III standing because 'a disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered 'actual injury'

7

1   for standing purposes." *Chapman.* 361 F.3d at 950 (*Pickern*, 293 F.3d at 1138).  The court

2   further held that, given the plaintiff's allegations that he "'would shop at [the defendant's store]

3   if it were accessible,' the threat of injury was sufficiently 'imminent' to permit him to sue for

4   injunctive relief." *Id.* (quoting *Pickern*, 293 F.3d at 1138); *see also Doran v. 7-Eleven, Inc.*,

5   524 F.3d 1034 (9th Cir. 2008).

6          In response to Eddie Bauer's motion, plaintiff does not direct this court to any

7   evidence that he suffered an injury coupled with an intent to return or that he was "deterred."

8   (*See* ECF 85 at 8).  Plaintiff did testify during his deposition that he was able to visit the store

9   even with the absence of an ISA sign, and returned between one and five times.   (ECF 76-1 at

10   2-3.)  Plaintiff's admissions taken together with his unsupported assertions are not enough to

11   withstand Eddie Bauer's motion for summary judgment.  *See MAI Systems Corp. v. Peak*

12   *Computer, Inc.*, 991 F.2d 511, 581 (9th Cir. 1993) ("[M]ere argument does not establish a

13   genuine issue of material fact to defeat summary judgment.  A party opposing a properly

14   supported motion for summary judgment may not rest upon the mere allegations or denials in

15   pleadings, but 'must set forth specific facts showing that there is a genuine issue for trial.'")

16   (quoting FED. R. CIV. P. 56(e); (other citations omitted)).  Plaintiff has not demonstrated he has

17   standing to bring his ADA claim; the court therefore lacks jurisdiction.  *Chapman*, 631 F.3d at

18   944.  Accordingly, summary judgment is proper in Eddie Bauer's favor on plaintiff's ADA claim

19   based on a lack of ISA signage.  *Accord Martinez*, 2012 WL 1640584, at *4.[4]

20

21        [4] Even if plaintiff had standing to bring his ADA claims, defendants are correct in
arguing those claims would be denied as moot.  (ECF 76-1 at 22; ECF 77-1 at 22.)  Because

22   injunctive relief is the only remedy available under the ADA, 42 U.S.C. § 12188(a)(2), when an
alleged ADA violation is remedied, it renders a pending ADA claim moot.  *See, e.g., Chapman*

23   *v. Chevron Stations, Inc.*, 2011 WL 4738309 (E.D. Cal. Oct. 5, 2011).  Both defendants present
uncontroverted evidence, and plaintiff does not dispute, that the alleged ISA sign violation as to

24   each of them no longer exists.  Regarding plaintiff's other claims, plaintiff also does not dispute
that the dressing room bench at issue in the claim against Eddie Bauer has been brought into

25   compliance.  (ECF 85-5 at 3, 5-6.)  In his statement of disputed facts, plaintiff does dispute that
Eddie Bauer's accessibility issues with respect to the panel handles have been cured (ECF 85-5

26   at 10-11), but the evidence of record on this point is his conflicting deposition testimony, that he
could grasp and open the door - an admission not undercut by his additional vague testimony

1          b.      Entrance Door Panel Handles

2          Defendant argues it is entitled to summary judgment on the alleged panel handles

3   violation because plaintiff's uncontroverted deposition testimony establishes he was not injured

4   or deterred in connection with entrance door panel handles.  (ECF 76-1 at 3-5, 14-15.)  Plaintiff

5   does not argue that he was deterred or suffered an "injury-in-fact coupled with an intent to return

6   to [the Eddie Bauer] store."  (*See* ECF 85.)  *Chapman*, 631 F.3d at 944.  While plaintiff testified

7   that he had difficulty with the door, he makes no attempt to connect this testimony to the legal

8   standard that guides the court's analysis.  (*See* ECF 85).  Although the parties argue over

9   whether the entrance door handles were ADA compliant, plaintiff's testimony does not support a

10  finding that he has standing to raise a claim about the "panel" handles.  (*See id.*)

11         Defendant has met its initial burden by showing that plaintiff was not injured

12  coupled with an intent to return, nor was plaintiff deterred.  *Accord Martinez*, 2012 WL

13  1640584, at *4.  Plaintiff, conversely, has not met his burden of establishing a genuine issue of

14  material fact that he had standing to bring his ADA claims.  Defendant's motion for summary

15  judgment is therefore granted.

16         c.      Dressing Room Bench Dimensions

17         As with the two claims discussed above, defendant argues it is entitled to

18  summary judgment on the alleged violation regarding the dressing room bench because

19  plaintiff's uncontroverted deposition testimony establishes that he was neither injured nor

20  _____

21  about the door handles - and that all the violations pled in his original complaint,  which are the
    same violations pled in the amended complaint, had been cured as of October 20, 2010 (ECF
22  76-3 at 26, 33-34; ECF 44-1 at 52-56).  Plaintiff's attempt to create disputed facts by referencing
    additional violations not included in the operative complaint is unavailing, as discussed below.
23  With respect to plaintiff's claims against Hanesbrands, while  plaintiff's disputed facts include
    that Hanesbrands' accessibility issues with respect to the checkout counter and paypoint machine
24  have not been cured (ECF 87-3 at 10, 11), plaintiff's deposition testimony here again is the
    evidence of record on which this court relies; that testimony reflects plaintiff's admission that
25  both the checkout counter height and the paypoint machine were compliant as of October 20,
    2010 (ECF 77-3 at 12-13; *compare* ECF 87 at 19 ("even while plaintiff may no longer request
26  injunctive relief [with respect to the checkout counter]. . .").

1   deterred. (ECF 76-1 at 5:14-15.)  Specifically, plaintiff testified that at the time he visited Eddie

2   Bauer's store, he did not know whether or not the bench was ADA compliant. (*Id.*)  Regardless,

3   plaintiff was able to use the bench without issue. (*Id.*)  Plaintiff does not respond to this

4   argument in his opposition and cross-motion. (*See* ECF 85 at 10:10-11:20.)  Importantly,

5   plaintiff does not argue that he was deterred or suffered an "injury-in-fact coupled with an intent

6   to return to [the Eddie Bauer] store." *Id.*; *see Chapman*, 631 F.3d at 944.  Without any evidence

7   or availing argument to show that plaintiff has standing to assert a violation of the ADA based

8   upon the allegedly improper dressing room bench dimensions, this court does not have

9   jurisdiction to hear plaintiff's claim. *See Martinez*, 2012 WL 1640584, at *4.  Eddie Bauer's

10  motion in this respect is granted.

11                      d.      Mounting of Dressing Room Bench

12                      As with plaintiff's claim involving the dressing room bench, Eddie Bauer argues

13  it is entitled to summary judgment because plaintiff's uncontroverted deposition testimony

14  establishes he was not injured or deterred.  Rather, plaintiff testified he could not tell whether or

15  not there was a violation at the time of his visit, and that he could use and sit on the bench. (ECF

16  76-1 at 6-8, 14-15.)  In his response, plaintiff argues it is "undisputed that [he] encountered

17  barriers related to his disability," and therefore he has standing to maintain this claim, and

18  further, is entitled to summary judgment. (ECF 85 at 11-12.)  However, plaintiff does not direct

19  the court to any evidence supporting this conclusory assertion and here again makes no attempt

20  to connect any cited deposition testimony to the legal standard that guides this court's standing

21  inquiry. (*See id.*).  Plaintiff's bare opposition is not enough to overcome Eddie Bauer's motion

22  for summary judgment on this ground. *See MAI Systems Corp.*, 991 F.2d at 581; *Martinez*, 2012

23  WL 1640584, at *4.  Eddie Bauer, conversely, has presented undisputed evidence that plaintiff

24  was not deterred and did not suffer an "injury-in-fact coupled with an intent to return to [the

25  Eddie Bauer] store." (ECF 76-1 at 6-8, 14-15); *see also Chapman*, 631 F.3d at 944.  Plaintiff has

26  /////

                                              10

1   not demonstrated that he has standing to bring his ADA claim; the court therefore lacks

2   jurisdiction. *Chapman*, 631 F.3d at 944.  Eddie Bauer's motion is granted.

3                              e.      Other ADA claims

4           In his cross-motion, plaintiff moves for summary judgment based on two

5   additional violations of the ADA: "excessive effort required to open entrance door," and

6   "dressing room door gap."  These violations do not appear in the operative complaint.  (*See* ECF

7   54 at 11.)  It is axiomatic that violations not pled in the complaint cannot be considered by this

8   court at the summary judgment stage.  *See Chevron*, 2011 WL 4738309, at *4; *Martinez*, 2012

9   WL 1640584, at *3.  Plaintiff's motion is denied and these alleged violations are disregarded.

10                      2.      Plaintiff's State Law Claims

11          As noted, plaintiff asserts several claims for relief against Eddie Bauer under California

12  state law.  Specifically, plaintiff seeks relief under the DPA, the Unruh Act, and California

13  Health & Safety Code § 19955, *et seq.*  (*See* ECF 54.)  Eddie Bauer moves to dismiss each of

14  these claims.  (*See* section III *supra*.)  These claims are discussed below, together with defendant

15  Hanesbrands' motion attacking the state law claims, as they involve identical issues.

16          B.      Hanesbrands

17          Hanesbrands also argues it is entitled to summary judgment on plaintiff's ADA

18  claims for two reasons: there is no evidence that plaintiff suffered an injury-in-fact, and

19  plaintiff's claims are moot because any alleged violations have been remedied.  (ECF 77 at 1-2.)

20          As with his response to Eddie Bauer's motion, plaintiff opposes Hanesbrands'

21  motion without pointing to any evidence demonstrating he has standing to pursue his ADA

22  claims.  Plaintiff rather argues in conclusory fashion the undisputed facts demonstrate

23  Hanesbrands' facility did not comply with the ADA, or any corresponding state law

24  requirements, and therefore, he is entitled to judgment as a matter of law on each of his claims

25  against Hanesbrands.  (ECF 87.)

26  /////

1    As with Eddie Bauer's motion, the court will analyze Hanesbrands' and plaintiff's

2    cross-motions by the factual predicate for each claim.

3            1.        Plaintiff's ADA Claims

4                    a.       ISA Sign

5    Hanesbrands argues that summary judgment is proper on this claim because it is

6    undisputed that plaintiff was not prevented or deterred from using defendant's facility.  (ECF

7    77-1 at 2-3.)  In his opposition and cross-motion, plaintiff concedes that "because Hanes[brands]

8    eventually posted an ISA sign . .. summary judgment with respect to injunctive relief must be

9    granted."  (ECF 87 at 9.)  The court agrees.  *See Martinez*, 2012 WL 1640584, at *4.

10   Accordingly, Hanesbrands' motion for summary judgment with respect to plaintiff's ADA claim

11   based on improper ISA signage is granted.

12   Plaintiff argues this does not end the inquiry with respect to his ADA claim,

13   however, because damages under California law are still an issue.  (ECF 87 at 9-10.)  Even so,

14   this aspect of state law does not affect the court's ruling on plaintiff's ADA claim.  *See, e.g.,*

15   *Martinez*, 2012 WL 1640584, at *4 (addressing only plaintiff's federal ADA claims).

16                   b.       Entrance Door Panel Handles

17   Hanesbrands argues it is entitled to summary judgment on the alleged panel

18   handles violation because plaintiff's uncontroverted deposition testimony establishes he was

19   neither injured nor deterred.  (ECF 77-1 at 3-5, 13-16.)  Plaintiff does not respond to this

20   argument in his opposition and cross-motion  (ECF 87), and does not present any argument or

21   evidence to demonstrate he has standing to maintain this claim.  *Id.*; *see MAI Systems Corp.*, 991

22   F.2d at 581.  Indeed, plaintiff's response is identical to his response to Eddie Bauer's summary

23   judgment motion on this same issue.  (*Compare* ECF 85 *with* ECF 87.)  Accordingly, summary

24   judgment in Hanesbrands' favor is proper on plaintiff's ADA claim based on entrance door panel

25   handles.  *Accord Martinez*, 2012 WL 1640584, at *4.

26   /////

1          c.      Store Counter

2          Hanesbrands argues summary judgment is proper on this claim because it is

3  undisputed that plaintiff was neither prevented nor deterred from using defendant's facility.

4  (ECF 77-1 at 6.)  In his opposition and cross-motion, plaintiff concedes that "even while he may

5  no longer request injunctive relief, he is entitled to damages on this issue."  (ECF 87 at 13.)  As

6  noted above, any issue of damages under state law does not affect the court's ruling on plaintiff's

7  ADA claim.  Hanesbrands' motion for summary judgment with respect to plaintiff's ADA claim

8  based on an improper checkout counter height is hereby granted.

9          d.      Paypoint Machine

10         Plaintiff concedes in his opposition and cross-motion that he no longer requests

11  injunctive relief because Hanesbrands has corrected the alleged violation with respect to the

12  paypoint machine.  (ECF 87 at 14.)  Accordingly, for the same reasons, Hanesbrands' motion for

13  summary judgment on this claim also is granted.

14         e.      Other ADA claims

15         In his cross-motion as to Hanesbrands, plaintiff moves for summary judgment

16  based on six additional violations of the ADA: "the 'call for assistance' button" in the dressing

17  room was too high," "dressing room door handles," "door pressure," "narrow aisles," "dressing

18  room bench," and "the mirror," none of which is included in plaintiff's first amended complaint.

19  (*See* ECF 54.)  As noted above, violations not pled in the operative complaint cannot be

20  considered at the summary judgment stage.  *See Chevron*, 2011 WL 4738309, *4, *Martinez*,

21  2012 WL 1640584, at *3.  Accordingly, plaintiff's motion is denied; these alleged violations are

22  disregarded.

23  C.     Plaintiff's State Law Claims

24         Plaintiff asserts several state law claims against both Eddie Bauer and

25  Hanesbrands, as referenced above.  (*See* ECF 54.)  Specifically, plaintiff seeks relief under the

26  DPA, the Unruh Act, and California Health & Safety Code § 19955, *et seq.*, as to both

13

1    defendants.  Defendants seek summary judgment on these claims on grounds of duplication,

2    unavailability of relief and mootness, as noted above.  (*See* Section III *supra*.)

3                A district court "may *sua sponte* decide whether to continue exercising

4    supplemental jurisdiction over [a] Plaintiff's state law claims."  *Martinez*, 2012 WL 1640584, at

5    *7; *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental

6    jurisdiction . . . if the district court has dismissed all claims over which it has original

7    jurisdiction.")   Here, the uncontroverted evidence demonstrates that plaintiff does not have

8    standing to bring his ADA claims.  Thus, this court never had subject matter jurisdiction over

9    plaintiff's only claims that present a federal question.  The court therefore declines to exercise

10   supplemental jurisdiction over plaintiff's state law claims against Eddie Bauer and Hanesbrands.

11   *Martinez*, 2012 WL 1640584, at *8  (dismissing, *sua sponte*, plaintiff's state law claims pursuant

12   to 28 U.S.C. § 1367(c)(3)); *Chapman*, 2011 WL 4738309, at *12 (same).

13   V.     <u>CONCLUSION</u>

14               For the foregoing reasons, it is hereby ORDERED that defendant Eddie Bauer's

15   motion for summary judgment (ECF 76) is GRANTED as to plaintiff's ADA claims.  Defendant

16   Hanesbrands' motion for summary judgment (ECF 77) is also granted as to plaintiff's ADA

17   claims.  Plaintiff's cross-motions and motions for summary judgment (ECF 85, 87, 92, 93) are

18   denied as moot.  The court declines to exercise jurisdiction over plaintiff's remaining state law

19   claims, and therefore, plaintiff's state law claims are dismissed without prejudice.  *See* 28 U.S.C.

20   § 1367(c)(3).

21               IT IS SO ORDERED.

22   DATED:  October 5, 2012.

23   _____

24   UNITED STATES DISTRICT JUDGE

25

26