IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARY FEEZOR,

       Plaintiff,                             Civ. No. S-10-1165 KJM GGH

   vs.

GARY L. PATTERSON, *et al.*,            <u>ORDER</u>

       Defendants.
_____/

       This matter is before the court on the motions for attorneys' fees and requests for costs filed by defendants Eddie Bauer LLC ("Eddie Bauer") and Hanesbrands Direct, LLC's ("Hanesbrands") (collectively, "defendants"). (ECF 125, 126, 120 and 121.) Plaintiff Lary Feezor ("Feezor" or "plaintiff") opposes the motions (ECF 129) and objects to the requests for costs (ECF 123). For the following reasons, Eddie Bauer's and Hanesbrands' motions are DENIED.

/////

/////

/////

/////

/////

1

I. FACTS AND PROCEDURAL HISTORY

On May 12, 2010, plaintiff filed a complaint against defendants asserting various claims under the Americans with Disabilities Act ("ADA"),[1] alleging that, at both defendants' stores, he encountered barriers that prevented his full and equal enjoyment of defendants' facilities. (*See generally* ECF 1.) Plaintiff sought injunctive relief, declaratory relief, statutory damages and attorneys' fees.

Eddie Bauer moved for summary judgment on November 16, 2011. (ECF 76.) In response, plaintiff filed an opposition and cross-motion for summary judgment. (ECF 85.) Plaintiff also filed a separate motion for summary judgment against Eddie Bauer. (ECF 92.) Plaintiff's opposition and cross-motion for summary judgment, and his separate motion for summary judgment were identical, save one difference: plaintiff added a notice of motion to the latter and labeled it a motion for summary judgment. (*Compare* ECF 85 *with* ECF 92.)

Hanesbrands moved for summary judgment on November 16, 2011. (ECF 77.) In response, plaintiff filed an opposition and cross-motion for summary judgment. (ECF 87.) Plaintiff filed a separate motion for summary judgment against defendant on December 5, 2011. (ECF 93.) Plaintiff's opposition and cross-motion for summary judgment, and separate motion for summary judgment against Hanesbrands are identical to his filings against Eddie Bauer, including the added notice of motion and labeling as a motion for summary judgment. (*Compare* ECF 87 *with* ECF 93.)

On October 5, 2012, this court issued its order on the parties' cross-motions for summary judgment. *See Feezor v. Patterson*, 2012 WL 4764412 (E.D. Cal. Oct. 5, 2012). The court held that, under the ADA rubric set forth in *Chapman v. Pier 1 Imports*, 631 F.3d 939, 944 (9th Cir. 2011), plaintiff did not have standing to assert any of his claims under Article III of the Constitution because he did not direct the court to any evidence that he suffered an injury-in-fact

---

[1] Plaintiff also filed a variety of state law claims. The court declined to exercise supplemental jurisdiction over these claims after dismissing all of plaintiff's federal claims.

coupled with an intent to return to either facility.  2012 WL 4764412, at *5-8.  The court explained that, in the alternative, "[e]ven if plaintiff had standing to bring his ADA claims, defendants [were] correct in arguing those claims would be denied as moot" because "[b]oth defendants present[ed] uncontroverted evidence that the alleged" violations no longer existed.  (*Id* at *6 n.4.)

On November 26, 2012, defendants filed identical[2] motions for attorneys' fees and litigation expenses.  (*Compare* ECF 125-1 *with* ECF 126-1.)  Plaintiff filed a single opposition to both motions on January 4, 2013.  (ECF 129.)  Defendants filed a joint reply on January 11, 213.  (ECF 130.)

II.     LEGAL STANDARD

The ADA provides for an award of attorneys' fees to a prevailing party:

> In any action or administrative proceeding commenced pursuant to this chapter,[3] the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs, . . .

42 U.S.C. § 12205.

The Ninth Circuit has held that attorneys' fees should only be awarded in an ADA case "upon 'a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'"  *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).  A claim is "frivolous" if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Before considering whether attorneys' fees are merited, the court must consider whether an award of fees is within the court's power.  Ordinarily, a court that has dismissed a

---

[2] Because the motions are identical, the court will hereinafter cite to the motions as "defendants' motions."

[3] "[T]his chapter" refers to Chapter 126: "Equal Opportunity for Individuals with Disabilities."

3

case for lack of subject matter jurisdiction has no jurisdiction to award attorneys' fees or costs. *Latch v. United States*, 842 F.2d 1031, 1033 (9th Cir. 1988); *Smith v. Brady*, 972 F.2d 1095, 1097 (9th Cir. 1992); *Feezor v. Lopez DeJesus*, 439 F. Supp. 2d 1109, 1111 (S.D. Cal. 2006) ("In the Ninth Circuit, summary judgment on standing grounds is not considered a judgment on the merits entitling defendants to an award of attorney's fees and costs as prevailing parties under the ADA."). The court does not have jurisdiction to hear a case where the plaintiff has no standing. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541-42 (1986).

III.  ANALYSIS

Plaintiff argues the court has no jurisdiction to grant attorneys' fees in this case because the court dismissed plaintiff's complaint on standing grounds. (ECF 129 at 7-18.) Defendants, in reply, argue although the court did grant them summary judgment on standing grounds, "the summary judgment order was based, in part, on a finding that some of the alleged ADA violations were remedied, thereby rendering the ADA claims moot." (ECF 130 at 2:23-25.) Defendants also argue that an award of attorneys' fees is appropriate in light of *Peters v. Winco Foods Inc.*, 320 F. Supp. 2d 1035 (E.D. Cal. 2004).

Contrary to defendants' contention, the court did not grant defendants' motion for summary judgment on mootness grounds; it granted defendants' motion on the grounds that, as stated above, plaintiff did not meet his burden of proffering evidence that he had standing, and thus, the court lacked subject matter jurisdiction. The court, in a footnote, addressed mootness only in the alternative, explaining that even if plaintiff had standing, his claims were moot. Defendants' reliance on *Peters* is also misplaced. The *Peters* court did award attorneys' fees to a prevailing defendant in an ADA case involving standing. *Id.* at 1043. In *Peters*, however, the court only found the plaintiff lacked standing on two of her ADA claims; plaintiff's remaining claims were dismissed on other grounds. *See generally Peters v. Winco,* No. 2:10-cv-0210 (E.D. Cal. filed 12/18/2003).

/////

Because the court's prior determination that plaintiff lacks standing means jurisdiction is lacking, the court has no power to award attorneys' fees and costs under 42 U.S.C. § 12205.

IV.     CONCLUSION

Based on the foregoing, it is hereby ORDERED that defendants' motions for attorneys' fees and costs are DENIED.

IT IS SO ORDERED.

DATED: March 21, 2013.

_____
UNITED STATES DISTRICT JUDGE